UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| LILA CURRY, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:10-CV-205 |
| | ) | | (VARLAN/SHIRLEY) |
| D.J. TRANSPORTATION, INC., | ) | | |
| LANTER COMPANY, and | ) | | |
| WILLIAM BEHRMANN, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MEMORANDUM OPINION**

This civil action is before the Court on defendant William Behrmann's Motion to Dismiss [Doc. 5]. Plaintiff has filed a response in opposition to the motion to dismiss [Doc. 8]. Mr. Behrmann has filed a reply to the response [Doc. 10] as well as a motion to strike certain parts of the affidavit included with plaintiff's response [Doc. 12]. Plaintiff has filed a response in opposition to the motion to strike [Doc. 14]. Mr. Behrmann has filed a reply to the response to the motion to strike [Doc. 15].[1]

These motions are now ripe for the Court's consideration.

---

[1] Plaintiff has also filed a motion for continuance [Doc. 9], in which she "requests that this [C]ourt continue any hearing on [Mr.] Behrmann's Motion to Dismiss until after discovery has been concluded in this matter," in the event that the Court treats the motion to dismiss as one for summary judgment. Mr. Behrmann has filed a response in opposition to the motion for continuance [Doc. 11]. The Court does not intend to hold a hearing on the motion to dismiss, and has not treated the motion to dismiss as one for summary judgment. The Court will therefore deny plaintiff's motion for continuance as moot.

I.   **Background**

Plaintiff filed the complaint in this case on May 5, 2010 [Doc. 1]. In her complaint, plaintiff alleges as follows:

Plaintiff was an employee of D.J. Transportation, Inc. ("D.J. Transportation") and Lanter Company ("Lanter") from about April 1999 through May 7, 2009, where she was a Class "B" truck driver at defendants' Blount County office [*Id.*, ¶ 10]. In February 2009, plaintiff's dispatcher/manager passed away, and his position became vacant [*Id.*, ¶ 12]. Don Jost, the owner of D.J. Transportation, thereafter approached plaintiff and offered her the position of dispatcher/manager [*Id.*]. She accepted this position along with a pay raise [*Id.*].

In March 2009, Bill Behrmann–a Vice President of Lanter–demanded that Mr. Jost remove plaintiff from her dispatcher/manager position and replace her with a man because "men are more qualified for that position" [*Id.*, ¶ 13]. Mr. Behrmann informed Mr. Jost that if plaintiff were not demoted, Lanter would pull its contract from D.J. Transportation [*Id.*]. Don Jost demoted plaintiff to her previous position as a driver, and reduced her pay accordingly [*Id.*, ¶ 14].[2] A male employee named Anthony Ballew was immediately promoted to replace plaintiff as dispatcher/manager [*Id.*].

On May 7, 2009, Mr. Jost informed plaintiff that her employment was terminated because D.J. Transportation was doing away with all Class "B" drivers [*Id.*, ¶ 15]. Plaintiff was the only person in this class of driver [*Id.*]. Plaintiff was "never given the option" to

---

[2] Mr. Jost demoted plaintiff even though he reportedly "relayed to [plaintiff] that he did not agree with the demotion" [Doc. 1, ¶ 14].

train to be classified as a Class "A" driver, which, she contends, would have been a "fairly simple undertaking" [*Id*.]. Plaintiff finally alleges that, following her termination, D.J. Transportation and Lanter continued to use Class "B" trucks in their fleets for several months [*Id*., ¶ 16].

On the basis of these allegations, plaintiff brings four claims: sex discrimination under Title VII of the Civil Rights Act of 1964; violation of the Tennessee Human Rights Act; tortious interference with an employment relationship under Tennessee common law; and inducement of breach of contract under Tenn. Code Ann. § 47-50-109 [*Id*., ¶¶ 17-30].[3] Plaintiff seeks $1,000,000.00 in actual and compensatory damages; $500,000.00 in punitive damages; lost wages; expected future lost wages; compensation for lost benefits; interest on lost wages; and lost on-the-job training [*Id*., ¶¶ 2-4].

On June 17, 2010, Mr. Behrmann filed a motion to dismiss plaintiff's complaint [Doc. 5]. Plaintiff filed a response in opposition to the motion to dismiss on July 8, 2010 [Doc. 8]. On July 15, 2010, Mr. Behrmann filed a reply in support of his motion to dismiss [Doc. 10]. Mr. Behrmann filed a motion to strike [Doc. 12] along with his reply. Plaintiff filed a response to Mr. Behrmann's motion to strike on July 20, 2010 [Doc. 14]. Mr. Behrmann filed a reply to the response to the motion to strike on July 27, 2010 [Doc. 15]. Plaintiff filed a motion for continuance on July 8, 2010 [Doc. 9]. Mr. Behrmann filed a response in opposition to the motion for continuance on July 15, 2010 [Doc. 11].

---

[3] Plaintiff has since voluntarily dismissed her inducement of breach of contract claim under Tenn. Code Ann. § 47-50-109 [*See* Doc. 8, ¶ 4].

The Court has carefully considered the parties' filings in light of the applicable law. For the reasons that follow, the motion to strike will be denied. The motion to dismiss will be granted in part and denied in part. The motion for continuance will be denied as moot.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). Rule 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* Nor will an "unadorned, the defendant-unlawfully harmed me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A pleading must instead "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1987)). "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1937.

**III.    Analysis**

The Court first considers Mr. Behrmann's motion to strike. It then considers his motion to dismiss.

**A.    Motion to Strike**

Defendant has moved to strike certain portions of plaintiff's affidavit on the grounds that these portions are improper under the Federal Rules of Evidence [*See* Doc. 12]. In particular, Mr. Behrmann has moved to strike statements in plaintiff's affidavit which Mr. Behrmann argues "are not and cannot be based upon [plaintiff's] personal knowledge" [Doc. 12]. Mr. Behrmann has also moved to strike statements in plaintiff's affidavit which Mr. Behrmann argues constitute inadmissible hearsay [*Id.*].

The Court will deny the motion to strike. Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court notes, however, that striking material from a pleading is considered "a drastic remedy to be resorted to only when required for the purposes of justice," and "should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). The Court also finds that the objections Mr. Behrmann has raised are more properly raised at trial or on summary judgment than at the motion to dismiss stage. *See McNair v. Monsanto Co.*, 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003) ("[T]he use of a [motion to strike] for the advancement of objections to an affidavit filed in support of a [filing] is generally considered improper."); *Advanced Commercial Contracting, Inc. v. Certain Underwriters at Lloyds of*

*London*, No. Civ. A. 98-1296, 1998 WL 373407, at *2 (E.D. La. July 2, 1998) (internal quotations omitted) ("The challenge that [exhibits attached to a complaint] are hearsay evidence is not ripe for decision until an offer has been made to introduce the challenged material as evidence.").

**B.    Motion to Dismiss**

In his motion to dismiss, Mr. Behrmann argues that this Court lacks personal jurisdiction over him [*See* Doc. 5]. He also argues that plaintiff's tortious interference with an employment relationship claim under Tennessee common law is barred by the statute of limitations [*See id.*]. Finally, he argues that plaintiff's tortious interference claim must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim [*See id.*]. The Court considers each argument below.

**1.    Personal Jurisdiction**

The Court first addresses the relevant law for determining whether this Court has personal jurisdiction over a nonresident defendant in a diversity case. It then addresses the facts relevant to that analysis in this case.

**a.    Relevant Law**

In order for a district court to have personal jurisdiction over a party to a suit who is not present in the forum state, the party must have "minimum contacts" with the forum State such that maintaining the suit would not "offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "The critical question minimum-contacts analysis seeks

to answer is whether 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *Third Nat'l Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). In a diversity case, a federal court determines whether personal jurisdiction exists over a nonresident defendant by applying the law of the State in which it sits. *Wedge Group, Inc.*, 882 F.2d at 1089.

The due process limitations on the exercise of personal jurisdiction command a distinction between "general" jurisdiction and "specific" jurisdiction. "In a case of general jurisdiction, a defendant's contacts with the forum State are of such a 'continuous and systematic' nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the State." *Id.* In a specific jurisdiction case, 'a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the State.'" *Id.* (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). It is uncontested that the Court may not exercise general personal jurisdiction over Mr. Behrmann in this case.[4] Mr. Behrmann nevertheless maintains that this Court lacks specific personal jurisdiction over him [*See* Doc. 5].

---

[4] While plaintiff does note in passing that Mr. "Behrmann . . . is a Vice President for Lanter Company and has personally visited and made phone calls to the Lanter offices in Knox County," the rest of plaintiff's argument relates to whether the Court may exercise specific personal jurisdiction (as opposed to general personal jurisdiction) over Mr. Behrmann in this case [*See* Doc. 8, ¶ 2].

In a specific jurisdiction case, the Court must engage in a two-step process. First, it must determine whether any of Tennessee's relevant long-arm statutes authorize the exercise of jurisdiction over the nonresident defendant. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). If so, the Court must then determine whether the exercise of that jurisdiction comports with constitutional due process. *Id.* Tennessee's long-arm statute provides that persons who are nonresidents of Tennessee are subject to the jurisdiction of Tennessee courts as to any action or claim for relief arising from any tortious act in Tennessee. Tenn. Code Ann. § 20-2-214. The Tennessee long-arm statute extends "to the full limit allowed by due process." *Masada Inv. Corp v. Allen*, 697 S.W.2d 332, 334 (Tenn. 1985). Tenn. Code Ann. § 20-2-214 thus authorizes the exercise of jurisdiction over the defendant, provided that such exercise comports with due process.

The Sixth Circuit uses a three-prong test to determine whether the exercise of jurisdiction comports with due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968); *see also Safetech Int'l, Inc.*, 503 F.3d at 550-55 (applying *Mohasco* test). Where the first two criteria of the *Mohasco* test are met, an inference of reasonableness arises, and only an unusual case will not meet the third criterion. *Safetech Int'l, Inc.*, 503 F.2d at 554-55.

### b. Relevant Facts

Under the first prong of the *Mohasco* test, the act of making phone calls or sending faxes into the forum State may be sufficient to confer jurisdiction when the content of those communications gives rise to an intentional tort. *Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001) (citing *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1301 (6th Cir. 1989)). When a foreign defendant purposefully directs communications into the forum that cause injury within that forum, and those communications form the heart of the cause of action, personal jurisdiction may be present over the defendant without the defendant's presence in the State. *Neal*, 270 F.3d at 332-33.

In this case, plaintiff avers that:

> On March 12, 2009, [she] was approached in the Lanter offices in Knox County by Don Jost . . . and Bobby Bailey, Manager for the Lanter offices in Knox County. Mr. Bailey and Mr. Jost told [plaintiff] that they had both just been on a "conference call" with Bill Behrmann of Lanter, and the purpose of that call was for Mr. Behrmann to demand [plaintiff's] demotion from the Dispatcher position. Mr. Bailey stated that Bill Behrmann wanted [plaintiff] removed because "a man can run the Dispatcher position better than a woman can."

[Doc. 8-1, ¶ 5]. Under the first prong of the *Mohasco* test, these alleged communications with Lanter offices in Tennessee in connection with the exercise of hiring and firing power constitute actions that caused a consequence–namely, plaintiff's demotion and termination–in Tennessee. The first prong of the *Mohasco* test is therefore satisfied.

The second prong of the *Mohasco* test is also satisfied. Plaintiff's claims arise from the actions taken as a result of the phone call just discussed. Where the first two criteria of the *Mohasco* test are met, an inference of reasonableness arises, and only an unusual case

will not meet the third criterion. *Safetech Int'l, Inc.*, 503 F.2d at 554-55. Moreover, "where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* at 555 (quoting *Burger King*, 471 U.S. at 477).

Mr. Behrmann has not presented a "compelling case" that the exercise of jurisdiction would be unreasonable here. Tennessee has an interest in vindicating the rights of its citizens who suffer as a result of activities purposefully directed at Tennessee. Consistent with Tennessee's long-arm statute and the limitations of due process, this Court may exercise specific personal jurisdiction over Mr. Behrmann. Defendant's motion to dismiss for lack of personal jurisdiction will be denied.

### 2. Statute of Limitations

The Court now considers whether Mr. Behrmann's argument that plaintiff's tortious interference with an employment relationship claim must be dismissed because it is barred by the statute of limitations. Mr. Behrmann contends that plaintiff's tortious interference with an employment relationship claim must be dismissed because it is barred by the statute of limitations [*See* Doc. 5, ¶ 3].[5] In response, plaintiff contends that "her demotion and subsequent firing were not independent incidents, but were . . . part of one continuing and ongoing tort that began on March 13, 2009 and ended on May 7, 2009" [Doc. 8, ¶ 3].

---

[5] Although his motion and reply refer to the dismissal of plaintiff's "claims," Mr. Behrmann has only presented arguments concerning plaintiff's tortious interference with an employment relationship claim. He has not presented arguments with respect to plaintiff's Title VII claim or her Tennessee Human Rights Act claim. The Court will therefore only address the tortious interference with an employment relationship claim.

The Court disagrees with plaintiff. Both parties agree that a one-year statute of limitations applies to plaintiff's tortious interference with an employment relationship claim [Doc. 5, ¶ 3; Doc 8, ¶ 3]. "[W]hen an employee seeks redress for discrete acts of discrimination or retaliation," however, "the continuing violation doctrine may not be invoked to allow recovery for acts that occurred outside the filing period." *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). In *Morgan*, the Supreme Court found that "[d]iscrete acts such as termination . . . are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." *Morgan*, 536 U.S. at 114 (internal quotations omitted).

In this case, plaintiff has alleged two discrete acts of discrimination: her demotion and termination. She alleges that Mr. Behrmann demanded on March 12, 2009 that Mr. Jost demote her, and that she was demoted later that day [Doc. 1, ¶ 14]. Plaintiff further alleges that Mr. Jost terminated her employment on May 7, 2009 [*Id.*, ¶ 15]. Plaintiff filed her complaint on May 5, 2010, less than one year from the date of her termination, but nearly fourteen months after her demotion. Because plaintiff failed to file her complaint within one year of her demotion, the Court finds that the tortious interference with an employment relationship claim plaintiff has raised in connection with that demotion is barred by the statute of limitations.

### 3. Federal Rule of Civil Procedure 12(b)(6)

Finally, the Court considers whether plaintiff's tortious interference claim against Mr. Behrmann with respect to plaintiff's termination must be dismissed under Federal Rule of Civil Procedure 12(b)(6). Mr. Behrmann contends that plaintiff's tortious interference with an employment relationship claim raised in connection with her termination ought to be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted [Doc. 5, ¶ 3]. As noted, Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard that is meant to "give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47). A pleading must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid*, 859 F.2d at 436-37 (quoting *Car Carriers, Inc.*, 745 F.2d at 1106).

The Court finds that plaintiff has offered sufficient allegations to warrant denial of Mr. Behrmann's motion to dismiss with respect to plaintiff's termination claim. The circumstances surrounding plaintiff's termination–including Mr. Behrmann's position of authority and his alleged view of women in the workplace–amount to inferential allegations that state a claim for relief. Taken as true, the pleadings also indicate that defendant has hiring and firing power over the employees of D.J. Transportation, and, finally, that plaintiff was given what appears to be a pretextual justification for her dismissal. Dismissal of plaintiff's tortious interference with an employment relationship claim raised in connection with her termination would therefore be inappropriate at this time.

**IV.	Conclusion**

For the reasons stated herein, defendant William Behrmann's Motion to Strike [Doc. 12] will be denied. His Motion to Dismiss [Doc. 5] will be granted with respect to plaintiff's tortious interference with an employment relationship claim related to plaintiff's demotion in March 2009. Mr. Behrmann's Motion to Dismiss [Doc. 5] will be denied with respect to his argument that this Court lacks personal jurisdiction over him, and with respect to his argument that plaintiff has failed to state a claim for which relief can be granted in connection with plaintiff's termination on May 7, 2009. Plaintiff's Motion for Continuance [Doc. 9] will be denied as moot.

An order accompanying this memorandum opinion will be entered.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
